THE LUMBERMENS MUTUAL INSURANCE CO. ET AL., APPELLANTS, v.
NOBLE TRUCKING CO., APPELLEE.

(No. 6736—Decided November 21, 1961.)

*Messrs. Reeves & Herron*, for appellants.
*Mr. Walter J. Siemer*, for appellee.

*Per Curiam.* This action was begun in the Columbus Municipal Court by The Lumbermens Mutual Insurance Company and Ralph A. Neff, to recover damages growing out of a motor vehicle accident in the vicinity of Cooke Road and Indianola Avenue in Columbus, Ohio, on June 29, 1959, in which a car, owned by Neff, and a tractor-trailer, owned by The Lumbermens Mutual Insurance Company and driven by Robert Leigh Davis, defendants below, were involved. When plaintiffs below were required to elect between Davis and the trucking company, Davis was dismissed and only the trucking company remained in the case.

The case was tried to the court without the intervention of a jury and the trial court held in favor of the defendant. The plaintiffs then moved for and obtained from the trial court writ-

ten findings of fact and conclusions of law. Plaintiffs filed notice of appeal on questions of law and have assigned the following three errors:

"1. The trial court erred in finding that the driver of defendant's vehicle was not negligent in the operation of said vehicle.

"2. The trial court erred in finding that the driver of plaintiff's automobile was negligent.

"3. The court erred in rendering judgment in favor of the defendants-appellees and in overruling plaintiffs-appellants' motion for a new trial."

The record does not contain any bill of exceptions, so this court has no opportunity to know what testimony was offered.

The third error assigned has to do with rendering judgment in favor of the remaining defendant and the overruling of plaintiffs' motion for a new trial. We learn from the record that the grounds for this motion were that "(1) Said judgment is against the manifest weight of the evidence. (2) Said judgment is contrary to law."

In the absence of a bill of exceptions it is impossible for this court to know what evidence was presented to the trial court, and, therefore, we are unable to determine anything with respect to the weight of the evidence.

The other errors assigned are (1) in finding that the driver of the truck was not guilty of negligence and (2) in finding that the driver of the car owned by Ralph A. Neff was negligent.

In this state of the record, if the finding of facts fairly admits of a construction supporting the judgment, that construction must be adopted rather than one which would render the judgment erroneous. In the case of *Jack* v. *Hudnall*, 25 Ohio St., 255, the second paragraph of the syllabus reads as follows:

"Where the finding of facts by the court fairly admits of a construction which will support the judgment, that construction will be adopted rather than a different one which would render the judgment erroneous."

It would appear that while the appellants are not required to file a bill of exceptions, and in such case may point out other errors not requiring such bill of exceptions, the failure to file a bill of exceptions leaves the finding of facts by the trial court conclusive as to the facts of the case and leaves for the review-

ing court only the determination of the judgment which the law requires upon such finding of facts. See *Meyer* v. *Beck*, 87 Ohio St., 182, in which the syllabus reads as follows:

"1. When the record of a cause tried on evidence in the circuit court shows that the court stated its conclusions of fact separately from its conclusions of law, the defeated party may file a petition in error here for the reversal of the judgment upon the ground that it is not justified by the facts found, and Section 12254, General Code, does not require him to print a bill of exceptions which he may have taken in the circuit court.

"2. If, in such case, the defendant in error desires to secure an affirmance of the judgment upon the ground that a bill of exceptions which was taken in the circuit court shows, when considered with other portions of the record, that the judgment was justified by facts not stated in the entry of the circuit court's judgment, it is incumbent upon him, within the time fixed for filing his brief, to print the bill of exceptions."

It would appear also that in reviewing a judgment in a case such as this, the appellate court, except in a case where it finds itself in great doubt, should lean toward that construction which would support the judgment. In the case of *Peter* v. *Union Manufacturing Co.*, 56 Ohio St., 181, Bradbury, J., at page 207, wrote as follows:

"In reviewing a judgment based upon a finding of fact, a reviewing court should steadily lean towards that construction of the finding which would support the judgment; but where after applying this principle to its fullest extent, nevertheless, the reviewing court finds itself in great doubt concerning the grounds upon which the judgment was founded, it, in the exercise of a sound discretion, should require the court rendering the judgment to find the facts more specifically."

In view of what has been said above, it would appear that the first and second assignments of errors are not well taken and must be overruled and that the judgment of the court below must be affirmed.

*Judgment affirmed.*

DUFFEY, P. J., BRYANT and DUFFY, JJ., concur.