[Cite as *Merrett v. Lowe*, 2011-Ohio-1413.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

MICHELLE MERRETT                    :

    Plaintiff-Appellant           :     C.A. CASE NO. 23747

vs.                                 :     T.C. CASE NO. 09CVI802

CARRIE LOWE, et al.                 :     (Civil Appeal from
                                            County Court)
    Defendant-Appellees           :

. . . . . . . . .

O P I N I O N

Rendered on the 25th day of March, 2011.

. . . . . . . . .

Michelle Merrett, 6413 Zoellners Place, Hamilton, OH 45011
    Plaintiff-Appellant, Pro Se

Carrie Lowe, 6221 Hemingway Road, Huber Heights, OH 45424
    Defendant-Appellee, Pro Se

. . . . . . . . .

GRADY, P.J.:

{¶ 1} On July 9, 2009, Plaintiff, Michelle Merrett, commenced a small claims action against Defendants, Carrie Lowe and Jevan Lowe, seeking a judgment in the total amount of $1,422.72 for unpaid rent and a water bill due and owing by the Lowes pursuant to their lease agreement with Merrett. (Dkt. 1).

{¶ 2} On October 13, 2009, the trial court entered a final

judgment (Dkt. 14). The judgment states that the matter was heard by the court on August 17, 2009, and that after due consideration the court finds Plaintiffs' claim not well taken, and therefore the court enters judgment for the Lowes on Merrett's claim for relief.

{¶3} Merritt filed a timely notice of appeal from the trial court's final judgment of October 13, 2009 (Dkt. 15). On that same date, Merrett asked the court to "file the transcript of the proceedings and all exhibits from the trial held herein on August 17, 2009." (Dkt. 16).

{¶4} App.R. 9(B) provides that the appellant shall order a complete transcript of the proceedings which the appellant considers necessary for the appeal. App.R. 9(A) provides that a video recording of the proceedings constitute the transcript of proceedings, and need not be transcribed into written form by the court. That rule further states: "When the transcript of the proceedings is in the video(tape) medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcript to their briefs."

{¶5} On February 5, 2010, the trial court filed a video transcript of the trial proceedings. No printed or written transcription of the video transcript has been filed.

{¶ 6} Merrett argues in a "Show Cause Motion For New Trial" she filed on July 16, 2010, that the video transcript the court filed "was edited, thereby preventing Appellant from providing an accurate written transcript of the trial proceeding." When no report of the evidence was made or no transcript is available, App.R. 9(C) authorizes a party to serve a statement of evidence and proceedings on the adverse party, and for the court to settle any differences between the parties on the matter and file the statement for the record of the appeal. There is no indication that Merrett did so. Merrett's motion is therefore not well-taken, and is overruled.

{¶ 7} Plaintiff-Appellant Merrett argues in her brief that the trial court erred by not considering evidence Merrett introduced at the August 17, 2009 trial, and by not allowing Merrett to rebut arguments made by the Lowes at the trial.

{¶ 8} Merrett's contentions challenge the final judgment the trial court entered on its findings of fact. In the absence of the written or printed transcription that App.R. 9(A) requires, the trial court's findings are conclusive as to facts of the case. *Lumberman's Mutual Insurance Co. v. Noble Trucking Co.* (1961), 115 Ohio App. 384. In that event, the presumption of the regularity of the proceedings and the validity of the judgment of the trial court prevails, and the reviewing court may not challenge the

findings of the trial court. *Beach v. Sweeney* (1958), 167 Ohio St. 477.

{¶ 9} Merrett also argues that the trial court erred in not considering additional bona fide evidence documenting Merrett's claim for relief. Merrett does not identify what that evidence is. We note that on October 6, 2009, the clerk returned to Merrett an envelope containing documents and photographs that Merrett had filed on August 28, 2009. The letter from the clerk explains that "[t]he court cannot consider this documentation as evidence after the Trial has taken place. The trial was held on August 17, 2009." (Dkt. 17).

{¶ 10} A party must offer such evidence as the party wishes the court to consider at the trial of the case. If additional evidence is to thereafter be submitted, the party must obtain leave of court to do that. It appears that Merrett did not obtain leave of court to offer additional evidence for the record that she asked the court to consider after the trial had concluded. We find no abuse of discretion in the trial court's refusal to consider the additional evidence Merrett filed on August 28, 2009, following the trial that was held on August 17, 2009.

{¶ 11} Merrett's assignments of error are overruled. The judgment of the trial court will be affirmed.

**FAIN, J. And HALL, J., concur.**


**Copies mailed to:**

**Michelle Merrett**
**Carrie Lowe**
**Hon. Adele M. Riley**